IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAVIER PEREZ-LOPEZ,

    Plaintiff,                    No. 2:10-cv-01291 KJN P

    vs.

S. BARTELS,

    Defendant.                ORDER

_____/

        Plaintiff, a state prisoner proceeding without counsel, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed in forma pauperis.

        The court's review of plaintiff's in forma pauperis application demonstrates that the certificate portion of the application has not been completed by plaintiff's institution of incarceration, nor has plaintiff filed a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint. See 28 U.S.C. § 1915(a)(2). Thus, the court cannot rule on plaintiff's application. Accordingly, plaintiff will be provided the opportunity to submit a completed in forma pauperis application that includes a certified trust account statement or a completed certificate, or to pay the full filing fee.

        However, plaintiff is informed that his complaint, as framed, fails to state a cognizable claim under the Civil Rights Act. Plaintiff contends that defendant correctional

officer Bartels arbitrarily and maliciously denied plaintiff access to his work assignment in violation of the California Department of Corrections and Rehabilitation's "Employee's Performance Standard Code of Conduct," and that Bartels falsified state documents.  Although plaintiff asserts that this alleged conduct was discriminatory and violated due process, as well as the Eighth Amendment's proscription against cruel and unusual punishment, he has failed to describe any conduct that comes within these federal constitutional protections.  Violations of state prison regulations do not, standing alone, rise to the level of a federal constitutional violation.  Sandin v. Conner, 515 U.S. 472, 482 (1995) (finding no constitutionally protected liberty interest in prison regulations phrased in mandatory terms); Ybarra v. Bastian, 647 F.2d 891, 892 (9th Cir. 1981) (violations of prison rules or procedures alone do not state federal claims and are not cognizable under § 1983).  Moreover, Section 1983 requires that there be an actual connection or link between a defendant's challenged conduct and the alleged federal constitutional violation.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976); see also, Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.").

        The court presently informs plaintiff of these problems with his complaint so that he may make a reasoned decision whether to again seek leave to proceed in forma pauperis, the granting of which would commence immediate withdrawals from plaintiff's prison trust account.[1]  The court's review is provisional.[2]  Plaintiff is cautioned that if he chooses to proceed further by either paying the full civil filing fee required by 28 U.S.C. § 1914(a), or successfully

---

[1] Even if in forma pauperis status is accorded, a plaintiff is required to pay, over time, the full statutory filing fee of $350.00.  28 U.S.C. §§ 1914(a), 1915(b)(1).

[2] After plaintiff's payment of the filing fee or the court granting in forma pauperis status, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

moving to proceed in forma pauperis, his current complaint will be screened by the court and may be dismissed sua sponte pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(b), regardless of payment or fee status.  See Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that fails to state a claim).  Alternatively, plaintiff may, in tandem with filing an amended application to proceed in forma pauperis or payment of the filing fee, file an amended complaint that meets the requirements set forth above.

        For the foregoing reasons, IT IS HEREBY ORDERED that, **IF** plaintiff intends to pursue the instant action:

        1. Plaintiff shall submit, within thirty days after service of this order, on the form provided by the Clerk of Court, a completed affidavit in support of his request to proceed in forma pauperis, including a completed Certificate or Certified Trust Account Statement signed by an authorized officer, or plaintiff shall submit the $350.00 filing fee.

        2. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner, as used in this District.

        3. Plaintiff may submit, within thirty days after service of this order, an amended complaint that states a cognizable claim under 41 U.S.C. § 1983.

        4. The Clerk of the Court is directed to send plaintiff a blank Civil Rights Complaint By a Prisoner, as used in this District.

        5. Failure to timely comply with this order will result in a recommendation that this action be dismissed.

        SO ORDERED.

DATED: December 3, 2010

                                      KENDALL J. NEWMAN
                                      UNITED STATES MAGISTRATE JUDGE

kathy,pere1291.lta